GAUDIN, Judge.
Appellant is Aubon L. Mabry, whose July 6, 1976 marriage to Joyce S. Mabry was declared null and void by an April 12, 1983 judgment of the 24th Judicial District Court. The decree went on to state that both parties had been in good faith and it recognized Joyce as a putative wife, awarding to her permanent alimony.
Mr. Mabry contends that the trial judge erred in finding Joyce in good faith. However, the record supports this finding, and we will not disturb it.
Prior to his marriage to Joyce, Mr. Ma-bry was married two other times. His first marriage was to Marrietta Austin in 1943, and it ended in divorce on June 4,1970. On June 25,1970, Mr. Mabry married Mayzelle Smith, and they separated in December of 1975. On June 11, 1976, Mr. Mabry obtained a divorce from Mayzelle in the Dominican Republic, and he and Joyce were married the following month.
Subsequently, Mr. Mabry filed suit in the 24th Judicial District Court to have his Dominican Republic divorce recognized. However, this judgment of divorce was declared null and void on June 8, 1978.
When Joyce first started dating Mr. Ma-bry, and later when she began living with him, she no doubt knew that he was married to Mayzelle. She went with him to the Dominican Republic where they saw an attorney relative to Mr. Mabry’s efforts to secure a divorce. Mr. Mabry executed various documents, and on June 11, 1976 the Dominican Republic issued a judgment of divorce. Mr. Mabry and Joyce were then married.
LSA-C.C. art. 117 reads:
“The marriage, which has been declared null, produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith.”
“Good faith” is an honest and reasonable belief that the marriage is valid and that no legal impediments exist. Whether a party is or is not in good faith depends on the facts and circumstances of each case. Schaefer v. Schaefer, 379 So.2d 864 (La.App. 4th Cir.1980), writs denied by the Supreme Court of Louisiana at 383 So.2d 13.
Here, Joyce testified that she considered Mr. Mabry’s Dominican Republic divorce valid. Mr. Mabry’s actions, in marrying Joyce and taking her overseas as his wife and in hiring an attorney to have Louisiana courts recognize the Dominican Republic divorce, suggest that he, too, thought the foreign divorce to be legal and that there were no impediments preventing his marriage to Joyce.
Findings of fact by a trial judge, based on credibility of witnesses, will not be changed on appeal unless manifestly wrong.[1] The finding of good faith on Joyce’s part — and also, incidentally, on Mr. *250 Mabry’s part as well — is substantiated by the record.
For these reasons, we affirm the judgment declaring Joyce to be a putative wife and therefore entitled to civil effects. Appellant is to bear all costs of this appeal.
AFFIRMED.

. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).